IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUTOOPT NETWORKS, INC., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-4565-D |
| VS. § | |
| § | |
| NOKIA NETWORKS, INC., et al., § | |
| § | |
| Garnishees. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff AutOOpt Networks, Inc. ("AutOOpt") brings this ancillary action seeking prejudgment writs of garnishment arising from the approximately $3.2 million indebtedness of defendant GTL USA, Inc. ("GTL").[1] For the reasons that follow, the court grants AutOOpt's application and directs the parties to make submissions concerning the amounts of the garnishment and replevy bonds.

I

This action seeking prejudgment writs of garnishment is ancillary to a pending lawsuit brought by AutOOpt against GTL and other parties. *See AutoOpt Networks, Inc. v. GTL USA, Inc.*, No. 3:14-CV-1252-D (N.D. Tex. 2014) (Fitzwater, J.). AutOOpt requests that the court authorize the issuance of such writs to Nokia Networks, Inc., Nokia Solutions and Networks US LLC, Ericsson, Inc., and Citibank Texas, N.A. AutOOpt filed the action on

---

[1] In its papers, AutOOpt refers to GTL as the "debtor." *See* Compl. ¶ 1. The court uses the term "defendant," which is found in such rules as Tex. R. Civ. P. 658.

December 30, 2014 seeking emergency, *ex parte* relief. The court concluded, however, that GTL should be heard in opposition. AutOOpt and GTL have both made multiple submissions. The briefing and evidentiary submissions concluded on February 3, 2015 with the filing of AutOOpt's final reply brief.[2] The application is now ripe for decision.[3]

II

Under Fed. R. Civ. P. 64(a), every remedy for seizing property to secure satisfaction of a potential judgment that is available under the law of the state where the federal court is located (here, Texas law) is available in federal court, except to the extent a federal statute governs. Rule 64(b) provides that one of the available remedies is garnishment.

Tex. Civ. Prac. & Rem. Code Ann. § 63.001(2) (West 2008) provides, *inter alia*, that a prejudgment writ of garnishment is available if

> a plaintiff sues for a debt and makes an affidavit stating that: (A) the debt is just, due, and unpaid; (B) within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and (C) the garnishment is not sought to injure the defendant or the garnishee[.]

*Id.* Several Texas Rules of Civil Procedure govern the procedures for obtaining a

---

[2]AutOOpt also submitted a supplemental appendix in support of its final reply. The court's January 27, 2015 order granting AutOOpt leave to file a final reply brief did not authorize it to file additional evidence. The court therefore has not considered the appendix in granting the application.

[3]As authorized by Fed. R. Civ. P. 43(c), the court is deciding AutOOpt's application on the papers, without a live hearing. Because Tex. R. Civ. P. 658 permits a writ to be issued after an *ex parte* hearing, it follows that state law imposes no impediment to the court's reliance on this type of federal procedure.

prejudgment writ of garnishment.  Under Tex. R. Civ. P. 658, an application (1) must be supported by affidavits of the plaintiff, its agent, its attorney, or other person having knowledge of relevant facts, (2) must comply with all statutory requirements, and (3) must state the grounds for issuing the writ and the specific facts relied upon by the plaintiff to warrant the required findings by the court.  The application and any affidavits must be made on personal knowledge and set forth facts that would be admissible in evidence, provided that facts may be stated based on information and belief if the grounds of such belief are specifically stated.  *Id.*  And the court in its order granting the application must, *inter alia*, make specific findings of facts to support the statutory grounds found to exist, and specify the maximum value of property or indebtedness that may be garnished.  *Id.*

III

The court finds that AutOOpt has made the required statutory showing for obtaining the prejudgment writs of garnishment.  AutOOpt is suing GTL to recover on a debt: GTL's failure to pay AutOOpt for services performed under contracts between AutOOpt and GTL. AutOOpt has provided the affidavit of Dipesh H. Shah ("Shah"), its President, averring that GTL's indebtedness to AutOOpt is just, due, and unpaid, Compl. Ex. A. ¶ 11; that within his personal knowledge, GTL does not possess property in Texas that is subject to execution sufficient to satisfy the debt, *id.* at ¶ 12; and (C) that the garnishment is not sought to injure GTL or the garnishees, *id.* at ¶ 15.  Shah avers that the facts in his affidavit are based upon his personal knowledge.  *Id.* at ¶ 2.  Although in their briefing the parties dispute the merits of these assertions, Texas law provides for the application to be granted if the pertinent

statutory and procedural requirements are satisfied. While there must be strict compliance with the statutory requirements, *In re Texas American Express, Inc.*, 190 S.W.3d 720, 725 (Tex. App. 2005, orig. proceeding), the requirements address such matters as the content and form of the application and supporting affidavits rather than the merits themselves. Instead, Tex. R. Civ. P. 664a, which addresses the proceedings for vacating, dissolving, or modifying a writ that has been issued, focuses on the merits (providing, *inter alia*, that "[t]he writ shall be dissolved unless, at such hearing, the plaintiff shall prove the grounds relied upon for its issuance").[4]

The parties also dispute whether AutOOpt's claim is liquidated, as both sides

---

[4]GTL objects to AutOOpt's application on the basis that AutOOpt is relying on inadmissible hearsay or mere speculation. In particular, it objects to ¶¶ 12 (except for the last sentence) and 16-19 of Shah's affidavit, in which he offers evidence to support the assertion that GTL does not possess property in Texas that is subject to execution sufficient to satisfy the debt. *See* D. Jan. 12, 2015 Br. 2. GTL's objection, however, misapplies the Texas statute and applicable procedural rule.

Under Tex. Civ. Prac. & Rem. Code Ann. § 63.001(2), the plaintiff must make an affidavit that avers that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt. In other words, the affiant is not required to establish through affirmative proof that the defendant does not possess such property; instead, the affiant must aver that, within the plaintiff's knowledge, the defendant does not possess such property. The first sentence of ¶ 12 of Shah's affidavit satisfies the statutory requirement. He avers: "[w]ithin my knowledge that is based on multi-year business relationships with various officers, decision makers and board of directors of GTL, GTL does not possess property in Texas subject to execution that is sufficient to satisfy AutOOpt's claim." Compl. Ex. A. ¶ 12. Even if ¶¶ 16-19 of Shah's affidavit are excludable under Tex. R. Civ. P. 658 as inadmissible hearsay, they are merely surplusage so far as § 63.001(2)(B) is concerned. The question whether AutOOpt can prove the averment that GTL does not possess sufficient property in Texas does not come into play until GTL seeks to vacate, dissolve, or modify a writ that has been issued. *See* Tex. R. Civ. P. 664a.

acknowledge Texas law requires.  Under Texas law, a claim is liquidated if "the demand of itself is capable of definite ascertainment at the time of the action." *Tarter v. Akin & McMullen, P.C.*, 1991 WL 284467, at *4 (Tex. App. Dec. 20, 1991, no writ).  This means that the "demand is not contingent, is capable of ascertainment by the usual means of evidence, and does not rest in the discretion of the jury." *In re Tex. Am. Express*, 190 S.W.3d at 725. AutOOpt's claim is liquidated because, as Shah's affidavit shows, the terms and conditions of the contracts (including amendments) that form the basis for GTL's indebtedness explicitly state the amounts that are due and owing.  Shah avers that, under those contracts, GLT owes AutOOpt a specific percentage of what GTL invoiced and received from its telecom clients.  Compl. Ex. A ¶¶ 8-9.  This indebtedness is not contingent, it is capable of ascertainment by the usual means of evidence, and it does not rest in the discretion of the jury.

Accordingly, because AutOOpt has satisfied the requirements of Texas law for obtaining prejudgment writs of garnishment, the court finds that the application should be granted, and that the maximum value of property or indebtedness that may be garnished is $3,246,407.02.[5]

---

[5]Although AutOOpt contends in its application that GTL remains delinquent in payments to AutOOpt in the amount of $3,246,470.02, Shah's affidavit states that GTL is delinquent in the sum of $3,246,407.02.

IV

Tex. R. Civ. P. 658a provides, in relevant part, that a prejudgment writ of garnishment shall not issue until the applicant has filed a bond payable to the defendant, in an amount fixed by court order, "conditioned that the plaintiff will prosecute his suit to effect and pay to the extent of the penal amount of the bond all damages and costs as may be adjudged against him for wrongfully suing out such writ of garnishment." Tex. R. Civ. P. 658 states, in relevant part, that the order granting the prejudgment writ of garnishment must specify the amount of bond required of the plaintiff, and that the bond "shall be in an amount which, in the opinion of the court, shall adequately compensate defendant in the event plaintiff fails to prosecute his suit to effect, and pay all damages and costs as shall be adjudged against him for wrongfully suing out the writ of garnishment." The court must also find in its order the amount of the defendant's replevy bond, which is equal to the amount of the plaintiff's claim, one year's accrual of interest if allowed by law, and the estimated costs of court.

In its moving papers, AutOOpt has not adequately addressed what it maintains should be the bond amounts. In a footnote in its January 12, 2015 response, GTL complains that AutOOpt has not offered to post a bond, and it argues that no bond would be adequate. D. Jan. 12, 2015 Br. 9 n.3. The briefing is otherwise unhelpful regarding computing the bond amounts.

The court therefore directs that AutOOpt file with the court a submission that states the proposed amounts of the garnishment and replevy bonds and the rationale for the amounts proposed. No later than 4:00 p.m. on the business day after this submission is filed,

GTL must file any opposition response that proposes alternate amounts and the rationale for the amounts proposed.[6] AutOOpt must also promptly submit to the court any other papers that it considers necessary for the court to enter or sign before the writs can be issued and served. These papers may be submitted electronically, and should be in Word or WordPerfect format insofar as possible.

* * *

Accordingly, the court grants AutOOpt's December 30, 2014 application for writs of prejudgment garnishment for the reasons, and to the extent, set forth in this memorandum opinion and order.

**SO ORDERED**.

February 5, 2015.

_____<br>
SIDNEY A. FITZWATER<br>
UNITED STATES DISTRICT JUDGE

---

[6] The requirement of a response is not intended to deprive GTL of its rights under Tex. R. Civ. P. 658a for relief related to the amount of the garnishment order bond.